UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ARCHIL MAISURADZE,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/2026

Petitioner,

-against-                                          26-cv-1578 (LAK)

HAYNES, etc., et al.,

Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER
DIRECTING PETITIONER'S RELEASE**

LEWIS A. KAPLAN, *District Judge.*

Petitioner, who was detained by immigration authorities on or about February 25, 2026, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Also on February 25, 2026, the Court ordered respondents not to remove petitioner from the United States or transfer him to a facility outside this district, the Eastern District of New York, or the District of New Jersey. The Court ordered respondents also to file a letter containing certain information regarding petitioner's detention and the purported authority under which they are detaining him.

In that letter, respondents asserted that they are detaining petitioner pursuant to the Immigration and Nationality Act Section 235(b)(2)(A).[1] Respondents agreed, however, that there is no basis to distinguish this case from *Barco Mercado v. Francis.*[2] Specifically, they stated that they "acknowledge[] that the decision would control the legal issues in this case if the Court adheres to that decision, as the facts of this case are materially indistinguishable from th[ose] of *Barco Mercado.*"[3] The Court adheres to its decision in *Barco Mercado.*

---

[1] 8 U.S.C. § 1225(b)(2)(A).

[2] No. 25-cv-6582 (LAK), 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025).

[3] Feb. 27, 2026 Resp'ts' Letter (Dkt 13) at 3.

Respondents nevertheless contend that the Court should order that petitioner be provided a bond hearing instead of immediate release. But, as the Court repeatedly has stated in similar cases:

"Granting [petitioner] a bond hearing before an immigration judge would fail to remedy the statutory and constitutional violation that has occurred here. Moreover, it would be futile because, in the absence of a statute, regulation, or a new controlling decision from the Board of Immigration Appeals ("BIA"), immigration judges will continue to be bound by the BIA's holding in *Matter of Yajure Hurtado* that "[i]mmigration [j]udges lack authority to hear bond requests or to grant bond to aliens . . . who are present in the United States without admission."[4]

Some courts in this district have held that *Yajure Hurtado* "does not preclude a bond hearing under [Section 236(a)] because 'it is the province of the courts – not the agency – to 'authoritatively interpret' the statute.'"[5] One federal district court in the Central District of California even has ordered vacatur of *Yajure Hurtado* under the Administrative Procedure Act.[6] Assuming those holdings were correct, they and other federal district courts that similarly ordering bond hearings previously have not stopped the BIA from directing immigration judges to continue adhering to *Yajure Hurtado*.[7] In consequence, ordering a bond hearing still appears to be futile. In any event, immediate release is the appropriate remedy here for the reasons already stated.

Accordingly, the petition for a writ of habeas corpus (Dkt 4) is granted. Respondents forthwith shall release petitioner in this district and shall file with the Clerk of Court, no later than 5:00 p.m. on March 2, 2026, an affidavit or declaration confirming that they have released petitioner as directed.

---

[4] *E.g., Mejia v. Joyce*, No. 25-cv-10462 (LAK), 2025 WL 3719632, at *3 (S.D.N.Y. Dec. 23, 2025).

[5] *E.g., Sun v. Almodovar*, No. 25-cv-9262, 2025 WL 3241268, at *2 (S.D.N.Y. Nov. 20, 2025) (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024)), *appeal filed* No. 26-167 (2d Cir. Jan. 27, 2026).

[6] *Bautista v. Santacruz*, No. 25-cv-1873, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026), *appeal filed In re Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026).

[7] *See* Megan Crepeau, *Immigration Judge Says Detainee Bond Hearings Not Required*, BLOOMBERG L. NEWS (Jan. 15, 2026, at 11:34 ET), https://news.bloomberglaw.com/litigation/immigration-judge-says-detainee-bond-hearings-not-required.

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated: February 28, 2026
Issued at: 10:55 a.m.

_____
Lewis A. Kaplan
United States District Judge